**RAZZANO WALSH & TORRES, P.C.**
PAN AMERICAN BUILDING
SUITE 100, 139 MURRAY BLVD.
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 989-3009
FACSIMILE: (671) 989-8750

*Attorneys for Plaintiff and
Proposed Class*

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| OSAMU IGARASHI,<br><br>Plaintiff,<br><br>vs.<br><br>H.I.S. GUAM INC.,<br><br>Defendants. | Civil Case No. 21-00025<br><br><br>**CLASS ACTION COMPLAINT<br>AND JURY DEMAND** |

Plaintiff states:

### JURISDICTION AND VENUE

1. This Court's jurisdiction is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5) of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. §§ 2101 to 2109.

2. The WARN Act claims alleged in this action arise under 29 U.S.C. §§ 2102 and 2104.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. §2104(a)(5) since the acts constituting the violation of WARN occurred, and the claims arose in, this district.

//

## CLASS ACTION ALLEGATIONS

4.     Plaintiff brings this action as a class action pursuant to Rule 23(a) and (b)(1) and (3) of the Federal Rules of Civil Procedure and 29 U.S.C. § 2104(a)(5) on behalf of themselves and all others similarly situated (the "Class") who were employees of Defendant H.I.S. Guam Inc., ("H.I.S.") and who were "affected employees" subject to an "employment loss," as those terms are defined in 29 U.S.C. § 2101(a)(5) and (6), as a result of the circumstances, acts and facts related to employee terminations effected by Defendant on or about May 31, 2020, without the notices required by WARN.

5.     The members of the Class exceed 100 in number. Joinder is therefore impracticable. The precise number of class members and their addresses are readily determinable from the books and records of Defendant.

6.     The Plaintiff, and those similarly situated to him (collectively the "Plaintiffs"), are all "affected employees" who were terminated by Defendant H.I.S. or their benefits were affected on or about May 31, 2020, without the notice required by WARN. Plaintiffs are also all employees who were terminated by the Defendant on or about May 31, 2020, in violation of United States and Guam law prohibiting discriminatory employment practices and terminations in violation of public policy. Each is thereby a member of the class.

7.     The proposed class representative named is committed to pursuing this action and retained counsel experienced in class action litigation. Accordingly, the proposed class representative is an adequate representative of the class and has

the same interests as all of its members, except that, as with all members of the class, the exact amount of each Plaintiff's damages may differ from those of other members of the class. Further, each Plaintiff's claims are typical of the claims of all members of the class, and each proposed class representative will fairly and adequately protect the interests of the absent members of the class.

8. The questions of law or fact common to the class include:

(a) Whether the provisions of WARN applies;

(b) Whether Defendant H.I.S. terminations of May 31, 2020, and the employee terminations related to that event, constitute a "plant closing" or a "mass layoff" under WARN;

(c) Whether Defendant H.I.S. failed to provide the notices required by 29 U.S.C. § 2102(a) of WARN;

(d) Whether Defendant H.I.S. terminated its employees on May 31, 2020, in violation of Guam law barring employee terminations in violation of public policy;

(e) Whether Defendant H.I.S. can avail itself of any of the provisions of 29 U.S.C. § 2102(b) of WARN permitting lesser periods of notice;

(f) The appropriate formulae to measure damages under 29 U.S.C. § 2104 (a)(1) of WARN; and

(g) The appropriate definitions and formulae to measure payments to offset damages under 29 U.S.C. § 2104(a)(2) of WARN.

9. An action under Rule 23(a) and (b)(1) and (3) of the Federal Rules of

Civil Procedure is appropriate for the above reasons and since (a) the prosecution of separate actions by individual members of the class would create a risk of (1) inconsistent or varying adjudications establishing incompatible standards of conduct for Defendants or (2) adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other class members and/or (b) a class action is superior to other available methods for fair and efficient adjudication of this controversy since the questions of law and fact common to all members of the class predominate over questions affecting only individual members of the class in that (1) the individual damages of any one class member may be so relatively small, and the expense and burden of separate litigation concerning virtually all common issues so large, that the individual interest of members of the class in controlling the prosecution of separate actions are small; (2) there is no other litigation commenced concerning these issues; (3) it is desirable, and virtually inevitable given the locus of the Defendants' acts, to concentrate this litigation in this forum; and (4) the Plaintiffs anticipate no difficulty in the management of this suit as a class action.

10. Further, class action treatment of this action is authorized and appropriate under 29 U.S.C. 2104(a)(5) of WARN which clearly provides that a Plaintiff seeking to enforce liabilities under WARN "may sue either for such person or for other persons similarly situated, or both."

## THE PARTIES

11. Osamu Igarashi, as of May 31, 2020, was a full-time employee of

Defendant H.I.S. who, in addition to other substantial employee benefits, earned regular compensation and was damaged by Defendant's acts in violation of WARN.

12. Igarashi is a permanent resident of Guam.

13. At all relevant times, the Plaintiff worked at H.I.S. performing various functions, including working as an airport counter customer service representative.

14. The named Plaintiff was employed by Defendant H.I.S. at its Guam International Airport Authority location, and was terminated by Defendant H.I.S. on or about May 31, 2020, or shortly thereafter as a result of the terminations, having not received adequate or any written notice provided for by WARN.

15. The named Plaintiff was employed by Defendant H.I.S. and was terminated by Defendant H.I.S. on or about May 31, 2020, or shortly thereafter as a result of the terminations, in a manner violative of law and public policy.

16. Upon information and belief, Defendant, H.I.S., is a corporation organized under the laws of Guam with its headquarters at the time of the events giving rise to this civil action located in Tumon, Guam. As of May 31, 2021, Defendant employed more than 100 employees, excluding part-time employees. Defendant, as of May 31, 2020, was a company was operating as a travel service agency.

17. Upon information and belief, Defendant, H.I.S., is owned by a foreign corporation.

### COUNT I: CLAIM FOR RELIEF UNDER WARN AGAINST DEFENDANT H.I.S.

18. Plaintiffs reallege each of the allegations in all prior paragraphs as if fully set forth herein.

19. Almost every day since he was first employed, employees such as Mr. Igarashi would assemble at H.I.S. offices to discuss daily operations and share important information.

20. On May 31, 2020, prior to the unnoticed terminations of the Plaintiff, H.I.S. operated as one of the largest employers on the island of Guam and performed work in many facets of the tourism industry on Guam, including work as a tour agency with a trusted travel brand advertising affordable tours for visitors to Guam.

21. Upon information and belief, beginning in February of 2020, H.I.S., Inc. recognized the existence and spread of the COVID-19 pandemic throughout Asia, and established employee and customer masking protocols.

22. On March 3, 2020, the World Health Organization (WHO) continued its warnings about the spread of COVID-19, and warned of particular risks to frontline workers. The WHO declared that "doctors, nurses and other frontline workers dangerously ill-equipped to care for COVID-19 patients, due to limited access to supplies such as gloves, medical masks, respirators, goggles, face shields, gowns, and aprons."

23. On March 5, 2020, WHO leadership warned that the COVID-19 epidemic "can be pushed back, but only with a collective coordinated and comprehensive approach that engages the entire machinery of government."

24. On March 11, 2020, the WHO explained that it "has been assessing this outbreak around the clock and we are deeply concerned both by the alarming

levels of spread and severity, and by the alarming levels of inaction. We have therefore made the assessment that COVID-19 can be characterized as a pandemic."

25. On March 14, 2020, Governor Leon Guerrero issued Executive Order 2020-03 declaring a Public Health Emergency for the Island of Guam in response to the COVID-19 pandemic (the "Emergency").

26. Following the declaration of the emergency, Defendant H.I.S. did not communicate to the Plaintiff any concern about a threat to his employment. To the contrary, Defendant H.I.S. projected a sense of relative normalcy to its employees, including keeping normal messages on employee message boards.

27. On March 16, 2020, in response to confirmed cases of COVID-19, Governor Leon Guerrero issued Executive Order 2020-04 ordering that all non-essential government of Guam offices immediately close.

28. Upon information and belief, the employees were provided no written notice of an end to their continued employment.

29. Employees were involved only in oral discussions about the possibility of an operation stop due to COVID-19.

30. On April 5, 2020, Governor Leon Guerrero issued Executive Order 2020-09 extending the Emergency and all provisions outlined in Executive Orders 2020-03 to 2020-09 to May 5, 2020.

31. On April 30, 2020, Governor Leon Guerrero issued Executive Order 2020-11 extending the Emergency for an additional thirty (30) days from May 5,

2020.

32. On the morning of May 30, 2020, H.I.S. issued to its employees a "separation notice" via email. The Notice (a copy of one is attached as **Exhibit "A"**) declared that the employee listed as on "furlough status" effective May 31, 2020. The Notice was not directed to the furloughed employee, and was instead written "to whom it may concern."

33. No advance notice of the furlough was provided to the employee, and no notice under WARN.

34. The May 30, 2020, furlough notice, on its face, admits facts showing that WARN is applicable to the layoffs. Those facts are incorporated in this complaint by reference.

35. The May 30, 2020, furlough notice (**Exhibit "A"**) does not provide a cognizable reason to reduce the required notification period under WARN.

36. The May 31, 2020, terminations were not necessary because, according to published reports, the United States Government instituted various programs to allow employers to maintain their employees, even if financial constraints triggered by the pandemic negatively impacted an employer's finances.

37. More than sixty (60) days elapsed between the issuance of Executive Order 2020-04 and the issuance of the May 30, 2020, notice, and during that time no WARN notice or conditional WARN notice was provided to the employees. This lack of notice prejudiced the Plaintiff, and all similarly situated by providing the employees with a sense that, despite the public health emergency, their

employment would continue.

38. Plaintiffs and the class have been damaged by Defendant H.I.S's acts and conduct constituting violations of WARN.

## PRAYER

WHEREFORE, Plaintiffs demand judgment:

1. Certifying this action as a class action pursuant to Fed.R.Civ.P. 23(a) and (b)(1) and (3) on behalf of the Class;

2. That Defendant H.I.S.'s conduct was in violation of WARN (29 U.S.C. § 2102) and the rules and regulations promulgated pursuant to WARN (29 U.S.C. § 2107);

3. Awarding Plaintiff and the members of the class damages sustained by them as a result of Defendants' conduct in an amount equal to at least the amounts provided in section 29 U.S.C. § 2104(a), prejudgment interest, and costs, including expert fees and disbursements and reasonable attorney's fees and other damages, pursuant to section 29 U.S.C. § 2104(a)(6) of WARN but in no event less than $400,000.00.

4. That Defendants compensate Plaintiff's Class for an amount equal to lost wages and benefits in accordance WARN in an amount exceeding $400,000.00 with interest and costs.

//

//

5. Awarding such other relief as the Court deems just and proper.

*Respectfully Submitted* this \_\_16th\_\_ day of September, 2021.

                      **RAZZANO WALSH & TORRES, P.C.**

By: _____
      **JOSHUA D. WALSH**
      **JOSEPH C. RAZZANO**
      *Attorneys for Plaintiffs*

Page **10** of **11**

Case 1:21-cv-00025    Document 1    Filed 09/16/21    Page 10 of 14

## JURY TRIAL DEMANDED

Please take notice that Plaintiffs demand a Jury Trial in the above-entitled action.

*Respectfully Submitted* this 16th day of September, 2021.

                                     **RAZZANO WALSH & TORRES, P.C.**

                                     By: _____
                                          **JOSHUA D. WALSH**
                                          **JOSEPH C. RAZZANO**
                                          *Attorneys for Plaintiffs*

# EXHIBIT A

# H.I.S. Guam, Inc.
P.O. Box 11769 Tamuning, Guam 96931
Tel. (671) 649-7437; 646-9020   Fax. (671) 646-0278

May 29, 2020

TO WHOM IT MAY CONCERN:

This letter is to certify that the employee listed below has been notified that his/her employment status with H.I.S. Guam, Inc. is as follows:

1. Furlough status (unpaid leave) is effective May 31, 2020. Last day of paid leave is May 30, 2020.

2. Reason for furlough: Temporary closure of business operations due to the COVID-19 Pandemic.

| Name of Employee: | OSAMU IGARASHI |
|---|---|
| Date of Birth: | 08/29/1951 |
| Social Security Number: | ███████ |

Please see attached "Separation Notice" for further information. Please contact our office for any further questions or clarifications concerning the information above.

Regards,

*Rose Castro*
Rose Castro
HR Asst. Manager
Contact: (671) 487-5205
Email: castro.rose@his-world.com



# Separation Notice

## Employer Information

| | |
|---|---|
| Company: | His Guam Inc |
| Company Street Address 1: | 1317 Pale San Vitores Rd |
| Address 2: | |
| City: | Barrigada |
| State: | GU |
| Zip: | 96913 |
| Name: | Alvin ,Pangelinan |
| Title: | Manager |
| Phone Number: | 671-727-7269 |
| Email Address: | pangelinan.alvin@his-world.com |

## Employee Information

| | |
|---|---|
| Employee First Name: | OSAMU |
| Employee Last Name: | IGARASHI |
| Employee SSN: | xxx-xx-▇ |
| Employee Date of Separation: | 05/31/2020 |
| Employee Date Hired: | 04/03/2016 |
| Employee Date Last Worked: | 05/30/2020 |
| Employee Date of Recall: | |
| Recall Hours: | |
| Employee Refused Recall: | False |

## Separation Reason

| | |
|---|---|
| Reason For Separation: | Disaster / Pandemic Lack of work |
| New Reduced Hours: | |
| Explain Reason for Separation | Furlough - No incoming tourists |

## Benefit Payments

Hourly Rate of Pay: $10.83     Hours Worked Per Week: 40

I certify that the worker whose name and Social Security Number appear above has been separated from work and that the above information is true and correct. I further certify that the individual has been handed or mailed a copy of this notice.

This form has been submitted electronically. There is no need to mail a copy to Pandemic Unemployment Program.

IMPORTANT: Give a copy of this form to the separating worker and retain a copy for your files.

_____     _____
Signature                                              Date

5/31/20

Separation Notice (Form 77)   Submitted to HIREGUAM: 5/31/2020 11:27:58 AM