THE DISTRICT COURT OF GUAM

| | |
|---|---|
| OSAMU IGARASHI,<br><br>    Plaintiff,<br><br>vs.<br><br>H.I.S. GUAM INC.,<br><br>    Defendant. | CIVIL CASE NO. 21-00025<br><br>**DECISION AND ORDER RE DEFENDANT'S MOTION TO STRIKE CLASS CERTIFICATION, ECF NO. 10** |

Before the court is Defendant H.I.S. Guam, Inc.'s Motion to Strike Class Certification Pursuant to F.R.C.P. 12(f), 23(a), 23(b)(3), 23(c)(1)(A) and 23(d)(1)(D). *See* ECF No. 10. The motion is fully briefed, and the court deems it suitable for submission without oral argument. For the reasons stated herein, the motion is **DENIED**.

**I. Background**

On September 16, 2021, Plaintiff Osamu Igarashi filed the instant action as a class action. Compl., ECF No. 1. Plaintiff alleges that Defendant H.I.S. Guam, Inc., former employer of Plaintiff, violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), when Plaintiff and other "affected employees" were terminated without advanced notice on or about May 31, 2020. Compl. at ¶¶ 6, 14-15, 33. Defendant operated as a travel service agency and

employed more than 100 employees. *Id.* at ¶ 16.

On October 7, 2021, Defendant filed an Answer to the Complaint. Answer, ECF No. 5. Thereafter, on April 20, 2022, Defendant filed the instant motion. Mot., ECF No. 10. Plaintiff filed an opposition to the motion on May 20, 2022, ECF No. 12; and Defendant filed a reply on June 10, 2022, ECF No. 19.

**II. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a claim for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Whether a party has sufficiently stated a claim for relief is viewed in light of Federal Rule of Civil Procedure 8. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Rule 8, a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard under Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Twombly*, 550 U.S. at 571. "[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Id.* (citations omitted). As it pertains to a Rule 12(b)(6) motion, Rule 12(d) expressly provides that when "matters outside the pleadings are presented to *and not excluded* by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (emphasis added).

**III. Discussion**[1]

    a. **Motion to Strike**

Defendant moves to strike the class allegations in the Complaint pursuant to Federal Rules of Civil Procedure 12(f), 23(a), 23(b)(3), 23(c)(1)(A), and 23(d)(1)(D) "and dismiss the case in its entirety should the Court agree that the [WARN Act] does not apply to Defendant." Mot. at 8, ECF No. 10.

Under Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either *before responding to the pleading* or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2) (emphasis added).

Here, Defendant responded to the pleading, *i.e.*, filed an Answer to the Complaint on October 7, 2021. *See* Answer, ECF No. 5. Defendant thereafter filed the instant motion to strike on April 20, 2022. *See* Mot., ECF No. 10. Because Defendant filed an Answer prior to filing the motion to strike pursuant to Rule 12(f), Defendant's motion is procedurally improper.

    b. **Motion to Dismiss**

In Defendant's Reply, Defendant concedes that the motion to strike pursuant to Rule 12(f) was procedurally improper and that "Defendant's Motion should have been brought under FRCP 12(b)(6) for failure to state a claim for class action and lack of standing." Reply at 1-2, ECF No. 19. Defendant requests that the court construe Defendant's motion to strike under Rule 12(f) as a motion to dismiss under Rule 12(b)(6). *Id.* at 2.

Defendant puts forth the following arguments: (1) Defendant is not subject to the WARN Act because it does not have 100 or more full-time employees, or 100 or more employees who in the aggregate work at least 4,000 hours per week; and (2) assuming Defendant is subject to the

---

[1] Page citation herein is based on the CM/ECF page numbering system.

WARN Act, Defendant falls under the WARN Act exceptions of "unforeseen business circumstances" and "natural disaster". *See* Mot. at 10-11, ECF No. 10. Defendant goes into factual details of how it employed reasonable business judgment and that the "unforeseen nature of the pandemic cannot be reasonably disputed." *Id.* at 11-12. Defendant is also asking this court to make a factual finding that for purposes of the WARN Act, the COVID-19 pandemic qualifies as a natural disaster, because "[t]here has not been any conclusive proof that it is a man made [*sic*] event or caused by human error" and that the "logical conclusion is that the Pandemic virus . . . was a naturally occurring event in nature that infected humans and, thus, is a natural disaster." *Id.* at 13-15.

Defendant also spent a good amount of time in its motion, refuting what was contained in the Complaint. Defendant somewhat turned its motion into a quasi-Answer to the Complaint, rebutting certain paragraphs in the Complaint. *See e.g.*, Mot. at 16:4-8; 16:9-19; and 15:18-23.

As noted above, Defendant wants this court to construe its motion to strike under Rule 12(f) as a motion to dismiss under Rule 12(b)(6). Therefore, the court will review Defendant's arguments under Rule 12(b)(6) standard.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Twombly*, 550 U.S. at 571. As such, Defendant's attempt to refute the factual allegations in the Complaint has no place in a Rule 12(b)(6) motion. "[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Lee*, 250 F.3d at 688.

The sole count of the Complaint is a claim for relief under the WARN Act. Compl. at 5-9, ECF No. 1. The WARN Act requires a 60-day written notice to each affected employee and to a designated state entity prior to a mass layoff. 29 U.S.C. § 2102(a). A "mass layoff" is defined as a reduction in work force which is not the result of a plant closing and results in an

employment loss of a certain threshold. 29 U.S.C. § 2101(a)(3). An "affected employee" is defined as an employee who may reasonably be expected to experience an employment loss due to a proposed plant closing or mass layoff by their employer. 29 U.S.C. § 2101(a)(5). An "employment loss" is defined as an employment termination, a layoff exceeding six months, or a reduction in hours of work that meets a certain threshold. 29 U.S.C. § 2101(a)(6). An employer is subject to the WARN Act if it employs 100 or more full-time employees, or 100 or more employees who in aggregate work at least 4,000 hours per week. 29 U.S.C. § 2101(a)(1).

The Complaint alleges that Plaintiff and proposed class members were employed and were terminated by Defendant on or about May 31, 2020, without the required 60-day notice under the WARN Act. ¶¶ 6 and 33 of Compl., ECF No. 1. A "separation notice" was issued to Defendant's employees on May 30, 2020, with the "furlough status" being effective on May 31, 2020. *Id.* at ¶ 32. The Complaint further alleges that Defendant "projected a sense of relative normalcy to its employees", *id.* at ¶ 26, and that despite the public health emergency, Defendant gave its employees a sense that their employment would continue, *id.* at ¶ 37. The Complaint further alleges that Defendant is a Guam corporation who employs more than 100 full-time employees. *Id.* at ¶ 16.

All that Rule 12(b)(6) requires is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2). It does not require detailed factual allegations. *Iqbal*, 555 U.S. at 678. The court finds that Plaintiff has met this requirement. The motion to dismiss under Rule 12(b)(6) is denied.

    c. **Extrinsic Evidence**

Defendant submitted two declarations, along with exhibits, *see* ECF Nos. 10-1 and 10-2, and also requested that this court take judicial notice of the Government of Guam's Executive

Orders and "the unforeseen world wide [*sic*] COVID-19 pandemic, quarantines and border closure responses from the Government of Guam, and other countries and nations, that impacted Guam, its businesses and its citizens [*sic*] lives for the past two years and continuing forward." Mot. at 9-10, ECF No. 10.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee*, 250 F.3d at 688 (citations omitted). The court declines to consider the extrinsic evidence as part of Defendant's Rule 12(b)(6) motion, because they have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6). Accordingly, the court will not convert this motion to a summary judgment motion under Rule 56. *See* Fed. R. Civ. P. 12(d).

      **d. Article III Standing**

Defendant moves this court for a motion to dismiss under Rule 12(b)(6), *see* Reply at 1-2, and part of its arguments under this motion is that Plaintiff and proposed class members lack standing. Standing falls under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."). Therefore, Defendant's motion is procedurally improper. Nonetheless, the court will entertain Defendant's standing arguments and will analyze it under Rule 12(b)(1). Under Rule 12(b)(1), the court is not confined to the contents of the Complaint. *Id*. at 1067.

"The standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. I.N.S.*, 306 F.3d 842, 859 (9th Cir. 2002) (quotation marks, editorial brackets, and citations omitted).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered

an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Hall v. Norton*, 266 F.3d 969, 975 (9th Cir. 2001).

Here, Defendant argues that the first part of the standing requirement is not met. That is, Plaintiff and proposed class members do not have standing because there is no "injury in fact." Mot. at 19, ECF No. 10. Specifically, Defendant asserts that even though its employees did not work after March 20, 2020, it paid its employees their complete wages beginning March 24, 2020. *See id.* at 12 and 19, ECF No. 10.

In a nutshell, Defendant wants this court to count backwards, with the 60 days having commenced *prior* to the alleged violation. Plaintiff alleges that the violation occurred on or around May 31, 2020,[2] the effective date of the "furlough status[,]" when he and other employees received a "separation notice" on May 30, 2020, and no notice was given under the WARN Act. *See* Compl. at ¶¶ 32-33, ECF No. 1. As such, for purposes of this Article III Standing analysis, the court will use May 31, 2020 as the date of the alleged violation.

The statute provides that "[s]uch liability shall be calculated for the period of the violation, up to a maximum of 60 days[.]" 29 U.S.C. § 2104(a)(1). Defendant is not arguing that Plaintiff and proposed class members were furloughed or terminated *prior to* May 31, 2020.[3] In

---

[2] In Plaintiff's Opposition to the motion, it refers to a termination date of July 6, 2020 ("they were terminated on July 6, 2020." Opp'n. at 11, ECF No. 12), based on Exhibit 1 to Pangelinan's declaration, ECF No. 10-1 at 33. That portion of the exhibit is an email dated July 6, 2020, with a termination date effective August 1, 2020. Assuming arguendo that the July 6, 2020 email qualifies as a WARN Act Notice, Plaintiff and proposed class members still suffered partial harm, because July 6, 2020 (date of notice) to August 1, 2020 (termination date) is less than 60 days.

[3] Throughout the motion (not in the Article III Standing section itself) and in its Reply, Defendant appears to imply or argue that it gave some type of notice to its employees beginning March 24, 2020. *See* Mot. at 9 and 15, ECF No. 10; and Reply at 7, ECF No. 19. Plaintiff, in response, argues that emails and such do not equate to a WARN Act

fact, Defendant treated the period from March 24, 2020 to May 30, 2020, wherein employees were paid their wages and benefits, as "crisis leave with pay." *See* Pangelinan Decl. at ¶¶ 7-8, ECF No. 10-1; Ex. 1 to Pangelinan Decl. at 15, 18, 20, ECF No. 10-1. Defendant did not view this period as a furlough[4] or termination, but rather a paid leave.

The court finds that the Complaint contained particularized allegations of fact deemed supportive of Plaintiff's standing. That on May 30, 2020, Defendant's employees received a notice informing them of a "furlough status" effective May 31, 2020. *See* Compl. at ¶¶ 32-33, ECF No. 1. That prior to this, no notice was provided to them under the WARN Act. *Id.* at ¶ 37. That as a result of this, Plaintiff alleges that he and the proposed class members suffered harm. *Id.* The alleged harm suffered by Plaintiff and proposed class members is "in an amount equal to at least the amounts provided in section 29 U.S.C. § 2104(a)[.]" *Id.* at 9.

Accordingly, the court finds that Plaintiff and the proposed class members have Article III standing.

   e. **Class Certification**

In Defendant's motion to strike under Rule 12(f), which Defendant then converted to a motion to dismiss under Rule 12(b)(6), Defendant moves the court to entertain the class certification issue given that Plaintiff has yet to file a class certification motion under Rule 23. *See* Mot. at 22, ECF No. 10. In response, Plaintiff goes through the factors of Rule 23 for certification. *See* Opp'n at 15-17, ECF No. 12.

As Defendant correctly recognized, class certification requires a rigorous analysis. *See*

---

Notice. Opp'n at 11, ECF No. 12. The issue of sufficiency of a WARN Act Notice is a separate issue from an Article III standing. *See Maya*, 658 F.3d at 1068 ("The jurisdictional question of standing precedes, and does not require, analysis of the merits." (editorial brackets and citation omitted)). Accordingly, the court will not address the issue of sufficiency of a WARN Act Notice.

[4] Merriam-Webster dictionary defines "furlough" as "a temporary leave from work that is *not paid* and is often for a set period of time." (emphasis added).

Mot. at 23, ECF No. 10. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (District courts must engage in a "rigorous analysis" of each Rule 23(a) factor when deciding to certify a class). Given that Defendant's motion has been procedurally improper (both under Rule 12(f) and Rule 12(b)(6)), with conflating arguments on various issues, the court declines to address the class certification in Defendant's instant motion. The court prefers to start with a clean record. Accordingly, the court expects Plaintiff to file a separate Rule 23(a) motion.[5]

## IV. Conclusion

Based on the foregoing, the court **DENIES** Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). A trial scheduling order will be issued separately.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Feb 06, 2023**

---

[5] For purposes of the argument on "as soon as practicable" under Rule 23, the court will not consider the time period between the date Defendant filed the instant motion and the date of this order as a delay. The court finds that addressing Defendant's dispositive motion first is judicially efficient than to expect Plaintiff to file a motion for class certification while a dispositive motion is pending.