1

2

3

4

5

6

7 **THE DISTRICT COURT OF GUAM**

8

9 OSAMU IGARASHI,                          CIVIL CASE NO. 21-00025

                        Plaintiff,

10

                vs.                       **DECISION    AND    ORDER    RE**
11                                        **PLAINTIFF'S    MOTION    FOR    CLASS**
                                          **CERTIFICATION   AND   APPOINTMENT**
12 H.I.S. GUAM INC.,                      **OF CLASS COUNSEL, ECF NO. 30**

13                      Defendant.

14

15      Before the court is Plaintiff Osamu Igarashi's Motion for Class Certification and

16 Appointment of Class Counsel. *See* Mot., ECF No. 30. The motion is fully briefed, and the court

17 deems it suitable for submission without oral argument. For the reasons stated herein, the motion

18 is **GRANTED**.

19 I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

20          a.  **Factual Background**

21      Defendant H.I.S. Guam, Inc. is a Guam corporation that operated as a travel service

22 agency, allegedly employed over 100 people, and is the former employer of Plaintiff. Compl. at

23 2, ECF No. 1. During March of 2020, Defendant's employees stopped working due to the

24

---

[1] Page citation herein is based on the CM/ECF page numbering system.

COVID-19 pandemic. *Id.* at 7. Although the employees were not working, Defendant paid its employees' wages until May 30, 2020. *Id.* at 13. On or about May 30, 2020, Plaintiff along with other allegedly "affected employees" received a "separation notice" from Defendant stating employees would be placed on a "furlough status" effective May 31, 2020. *Id.* at 8.

### b. Procedural Background

On September 16, 2021, Plaintiff filed a Class Action Complaint alleging Defendant violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), pursuant to 29 U.S.C. § 2102, when Defendant furloughed Plaintiff and "affected employees" without the 60-day advanced notice required by the WARN Act. *Id.* at 8-9. On October 7, 2021, Defendant filed an Answer to the Complaint. Answer, ECF No. 5.

On April 20, 2022, Defendant filed a Motion to Strike Class Certification Pursuant to FRCP 12(f), (23)(a), 23(b)(3), 23(c)(1)(A), and 23(d)(1)(D). Mot., ECF No. 10. The court denied that motion. Order, ECF No. 24.

Thereafter, on March 31, 2023, Plaintiff filed the instant motion. Mot., ECF No. 30. Defendant filed its Opposition on April 26, 2023, ECF No. 35, and Plaintiff filed his Reply on May 10, 2023, ECF No. 36. On November 6, 2023, the court ordered the parties to file supplemental briefing on the question of "whether the court must engage in evaluating the merits of the WARN Act before it decides the class certification motion, if the number of employees might fall below what is required under the WARN Act." *See* Order at 2, ECF No. 47. The parties filed their supplemental briefs, ECF Nos. 48 and 50, and the court now issues its decision.[2]

---

[2] The court encouraged the parties to appear before a settlement judge and as such, it held off from ruling on the motion. However, attempts at any settlement negotiations failed.

## II.    WARN ACT

"The purpose of [the] WARN [Act] is to ensure that workers receive notice of plant closures and mass layoffs that affect their jobs." *Marques v. Telles Ranch, Inc.*, 131 F.3d 1331, 1333-334 (9th Cir. 1997) (citing *Alarcon v. Keller Indus., Inc.*, 27 F.3d 386, 388 (9th Cir. 1994)).

The WARN Act requires employers not to "order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order" to the "affected employees[.]" 29 U.S.C. § 2102(a)(1). Thus, a plaintiff seeking class certification alleging a WARN Act violation must prove the defendant is an employer, ordered a "plant closing" or "mass layoff[,]" the defendant failed to give its employees a 60-day written notice before the effective date of the closing or layoff, and the plaintiff is an "affected employee." 29 U.S.C. § 2101(a)(1)-(3) and (5)-(6).

An employer is subject to the WARN Act if it employs 100 or more full-time employees or 100 or more employees who in aggregate work at least 4,000 hours per week, not including overtime hours. 29 U.S.C. § 2101(a)(1)(A)-(B). A "mass layoff" is defined as a reduction in employees that (1) is not the result of a plant closing and (2) is an employment loss at a single site of employment at a certain threshold. 29 U.S.C. § 2101(a)(3)(A)-(B). "Affected employees" is defined as employees who experience employment loss due to a "mass layoff." 29 U.S.C. § 2101(a)(5). An "employment loss" is defined as an employment termination, a layoff exceeding six months, or a reduction in hours of work that meets a certain threshold. 29 U.S.C. § 2101(a)(6).

## III.    DISCUSSION

### a.  The Walsh Declaration

As a preliminary matter, the court will first address whether Joshua D. Walsh's declaration is deficient. Defendant argues that the Plaintiff's declaration by his counsel, Joshua

D. Walsh ("Walsh Declaration"), is deficient because it fails to state that it is based on personal knowledge, it contains inadmissible hearsay, and is "full of self[-]serving statements repeating argument[s] from his motion and the Plaintiff's Complaint." *See* Def.'s Opp'n at 16-18, ECF No. 35. Defendant relies on *Keys Country Resort, LLC v. 1733 Overseas Highway, LLC*, 272 So. 3d 500, 504 (Fla. Dist. Ct. App. 2019) (quoting Fla. R. Civ. P. 1.510(e)), a Florida State Appellate Court case, that held an affidavit in a summary judgment case must (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence; and (3) affirmatively demonstrate that the affiant is competent to testify to the matters stated in the affidavit. *Id.* at 16-17. Defendant also relies on *Enter. Leasing Co. v. Demartino*, 15 So. 3d 711, 714 (Fla. Dist. Ct. App. 2009), which held that an affidavit that fails to meet the three requirements is "legally insufficient to support the entry of summary judgment in [its] favor." *Id*. at 17.

The standard for declarations reviewed under a summary judgment analysis are different from the standard used for declarations reviewed under a class certification analysis. The United States Supreme Court in *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 178 (1974), held that class certification is "not accompanied by the traditional rules and procedures applicable to civil trials." The Ninth Circuit has held that "it is appropriate to consider evidence at the class certification stage that may ultimately be inadmissible." *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1004 n.2 (9th Cir. 2018). The court in *Sali* explained,

> [a]pplying the formal strictures of trial to such an early stage of litigation makes little common sense. Because a class certification decision "is far from a conclusive judgment on the merits of the case, it is 'of necessity . . . not accompanied by the traditional rules and procedure applicable to civil trials.'" *Zurn Pex*, 644 F.3d at 613 (quoting *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)[)]. Notably, the evidence needed to prove a class's case often lies in a defendant's possession and may be obtained only through discovery. Limiting class-certification-stage proof to admissible evidence risks terminating actions before a putative class may gather crucial admissible evidence. And transforming a preliminary stage into an evidentiary

shooting match inhibits an early determination of the best manner to conduct the action.

It follows that we have found an abuse of discretion where a "district court limited its analysis of whether" class plaintiffs satisfied a Rule 23 requirement "to a determination of whether Plaintiffs' evidence on that point was admissible." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). Although we have not squarely addressed the nature of the "evidentiary proof" a plaintiff must submit in support of class certification, ***we now hold that such proof need not be admissible evidence***.

Inadmissibility alone is not a proper basis to reject evidence submitted in support of class certification. "Neither the possibility that a plaintiff will be unable to prove his allegations, nor the possibility that the later course of the suit might unforeseeably prove the original decision to certify the class wrong, is a basis for declining to certify a class which apparently satisfies" Rule 23. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Therefore, in evaluating a motion for class certification, a district court need only consider "material sufficient to form a reasonable judgment on each [Rule 23(a)] requirement." *Id.* The court's consideration should not be limited to only admissible evidence.

*Id.* at 1004-05 (third alteration in original) (emphasis added).

Based on the foregoing, the court finds Defendant's arguments as to the Walsh Declaration to be without merit. As such, the court will not strike the Walsh Declaration and will consider it accordingly.

### b. **Rule 23**

Parties moving for class certification must demonstrate that they have fulfilled the four requirements under Federal Rule of Civil Procedure 23(a). *Ellis*, 657 F.3d at 979. The requirements under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. FED. R. CIV P. 23(a)(1)-(4).[3]

---

[3] Plaintiff asserts that some courts imply an "ascertainably" factor when interpreting Rule 23(a) and analyze whether "the class to be certified [is] ascertainable." Mot. at 10, ECF No. 30 (quoting *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 1102660, at *10 (N.D. Cal. Mar. 18, 2014)). Plaintiff argues that the proposed class is ascertainable. *Id.* In *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.3 (9th Cir. 2017), the Ninth Circuit

Parties must also meet at least one of the requirements under Rule 23(b). *Ellis*, 657 F.3d at 980. In the instant motion, Plaintiff seeks class certification under Rule 23(b)(3), which requires Plaintiff to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV P. 23(b)(3).

Rule 23 sets forth more than a "mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A party must demonstrate compliance with Rule 23, in other words, a party "must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* (emphasis in original). A court may certify a class only after a "rigorous analysis" of the Rule 23(a) factors. *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 542-43 (9th Cir. 2013) (quoting *Wal-Mart*, 564 U.S. at 350-51).

Courts may need to look beyond the pleadings before addressing the certification question. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985 (9th Cir. 2015) (quoting *Wal-Mart*, 564 U.S. at 351). However, a court may only look to the merits for the purpose of determining whether the "Rule 23 prerequisites for class certification are satisfied . . . [and] Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods,* LLC, 31 F.4th 651, 667 (9th Cir. 2022) (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)).

---

stated in dicta that it "refrain[ed] from referring to 'ascertainability' in [their] opinion because courts ascribe widely varied meanings to that term [and] . . . [o]ur court does not have its own definition" of ascertainability. *See also Walker v. Life Ins. Co. of the SW.*, 953 F.3d 624, 632 (9th Cir. 2020) (holding that the Ninth Circuit has not answered the question of whether an implied "ascertainability" factor is required in the Rule 23 analysis and, instead, courts overall "have been inconsistent in how they have accounted for difficulties in identifying class members." (quoting *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 471 (6th. Cir 2017))) and *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 928–29 (9th Cir. 2018) (holding that there is no "free-standing requirement above and beyond the requirements specifically articulated in Rule 23."). Here, Defendant does not refute Plaintiff's argument that the class is ascertainable. *See generally* Def.'s Opp'n, ECF No. 35. Therefore, the court will not reach the issue of whether the class is ascertainable.

1

### i. Numerosity

2

A party seeking class certification must demonstrate "the class is so numerous that

3

joinder of all members is impracticable." *A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 835

4

(9th Cir. 2022) (quoting FED. R. CIV P. 23(a)(1)). A specific amount of class members is not

5

required by Rule 23(a)(1). *Johnson v. City of Grants Pass*, 72 F.4th 868, 886 (9th Cir. 2023)

6

(citing *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 330 (1980)). However, the

7

Supreme Court has held that a class of fifteen is too small and, in contrast, classes of more than

8

sixty are sufficiently large. *Harik v. Cal. Teachers Ass'n*, 326 F.3d 1042, 1051-52 (9th Cir. 2003)

9

(citing *Gen. Tel. Co. of the Nw., Inc.*, 446 U.S. at 330).

10

Plaintiff argues Defendant meets the numerosity requirement because it had about 108

11

employees at the time of the furlough. Mot. at 4, ECF No. 30 and Walsh Decl., ECF No. 30-1.

12

Defendant is vague about its position as to this numerosity requirement. On the one hand, it

13

asserts that "Plaintiff is incorrect" as to Plaintiff's statement that "there is no disputing that the

14

proposed class is approximately 108 employees." Def.'s Opp'n Mot. at 11, ECF No. 35. Yet,

15

Defendant also concedes in that same paragraph that "as alleged, the numerosity requirement is

16

met." *Id.* Defendant then ventures off to arguing that the WARN Act prerequisites are not met

17

and therefore there is no class to certify. *Id.* Defendant fails to cite to any authority wherein the

18

court must consider whether the elements of the statute must first be met before the court can

19

certify a class certification.

20

The inquiry before the court is limited to whether Plaintiff has met the requirements

21

under Rule 23(a) and not whether the merits of the WARN Act claim are met.[4] *See Olean*, 31

22

23

---

[4] Although the court will not be reaching the merits of the Plaintiff's WARN Act claim at the certification stage, it finds Plaintiff's argument regarding the "single employer" test helpful. *See* Pl.'s Resp. to Def.'s Suppl. Br. at 4 n.2, ECF No. 50. Plaintiff argues that "even if [Defendant] did employ less than 100 workers at the time of the mass

24

termination, [Defendant] nevertheless falls under the ambit of the WARN [Act] given its common ownership and

F.4th at 667. Defendant confirmed that there are at least ninety-six full time employees and ninety-six potential class members satisfies the numerosity requirement. *See* Bacalia Decl. at ¶ 10, ECF No. 35-1 and *see Johnson*, 72 F.4th at 886 (holding that classes more than sixty is sufficient to meet the numerosity requirement under a class certification analysis). The court finds Plaintiff satisfies the numerosity requirement for class certification under Rule 23(a)(1).

### ii. Commonality

In seeking class certification, a plaintiff must demonstrate that "there are questions of fact and law that are common to the class." *Ellis*, 657 F.3d at 981 (citing FED. R. CIV P. 23(a)(2)). It is not enough to allege any common question. *Id.* A plaintiff must show more than a violation of the same law, but that "class members 'have suffered the same injury[.]'" *Wal-Mart,* 564 U.S. at 350 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).

Defendant argues the commonality requirement is not met because each class member

direction from its centralized corporate owners." *Id.* Plaintiff notes that in Defendant's Opposition to Motion to Strike, Defendant argued that it shared common ownership with its related companies in Japan and in the U.S.A and because of that the court could find that Defendant has the requisite number of employees that employers are required to have employed under the WARN Act. *See id.* (citing *In'l Bd. of Teamsters v. Am. Delivery Serv. Co.*, 50 F.3d 770, 775 (9th Cir. 2004)); *see also Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 688 (9th Cir. 2019) (holding "[l]iability under the WARN Act extends only to a person's 'employer.' 29 U.S.C. § 2104(a)(1). But the term 'employer' may include parent and subsidiary companies 'depending on the degree of their independence' from one another and considering '(i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations.'" (citations omitted)). Nevertheless, the court will not analyze the "single employer test" at the certification stage.

The court also finds helpful Plaintiff's cite to an analogous case, *Chaney v. Vermont Bread Company*, No. 2:21-CV-120, 2022 WL 3443973, at *2 (D. Vt. Aug. 17, 2022), in which the District Court of Vermont found that "[i]nsofar as a Plaintiff must show a threshold number of Defendant employees, or a Defendant's involvement in the decision to lay people off, those same facts will need to be established by all others within that Plaintiff's class. In other words, the questions are common to the entire group. They do not . . . impact the propriety of certifying a class." *See* Pl.'s Resp. to Def.'s Suppl. Br. at 4, ECF No. 50. Plaintiff also emphasizes that the question of whether a defendant's entities constitute "an employer covered by the WARN Act, 29 U.S.C. § 2101(a)(1), does not necessarily bar class certification; rather, it presents a common question of law and fact that will affect the putative class." *Id.* at 3 (citing *Grimes v. Evergreen Recreational Vehicles, LLC*, No. 3:16-CV-472-JD, 2018 WL 1257237, at *3 (N.D. Ind. Mar. 12, 2018)).

"must prove that he or she did not obtain a job during the 60[-]day period and lost wages and benefits" which is a "highly individualized analysis" that would require multiple trials. Def.'s Opp'n Mot. at 13, ECF No. 35. Defendant also argues that its employees stopped working on March 20, 2020, and only 41 full-time employees lost their job on August 1, 2020.[5] *Id.*

The court finds the commonality requirement is satisfied because Plaintiff sufficiently demonstrates common questions of law and fact arising out of a "common contention." *Wal-Mart,* 564 U.S. at 350. Nowhere in the WARN Act does it require each class member to prove that he or she did not obtain a job or suffered financially (lost wages and benefits) within that 60-day period. Instead, what Plaintiff needs to prove at trial, *inter alia*, is whether, under the WARN Act, (1) Defendant is an "employer", (2) the class members were "employees", (3) the employees suffered an "employment loss" through a "mass layoff", and (4) there was a failure to issue the required 60-day written notice. *See* 29 U.S.C. §§ 2101-2102. Proving these elements is not a "highly individualized analysis" that would require a mini-trial for each class member.

### iii. Typicality

Typicality requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class[.]" Fᴇᴅ. R. Cɪᴠ P. 23(a)(3). "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Defendant argues Plaintiff fails to demonstrate typicality because Plaintiff did not

---

[5] Defendant also argues that the court has discretion to consider payments made to employees after they stopped working on March 20, 2020 as an offset to any damages if the WARN Act applies and was violated. *Id.* However, at the class certification stage, the court is only answering the question of whether Plaintiff has demonstrated the Rule 23 requirements necessary for class certification and not whether the WARN Act applies.

provide evidence of common wages, entitlement to benefits, and that all members did not obtain employment within the 60-day period. Def.'s Opp'n Mot. at 13, ECF No. 35. Defendant contends that such would require a "highly individualized" analysis. *Id.*

This court finds that typicality is met under Rule 23(a)(3), because the claims that each class member must demonstrate under the WARN Act are typical of the class and not unique to the named representative of the class, the Plaintiff. Here, typicality is satisfied because it is the same injury and the same course of conduct, *i.e.*, mass termination without the required WARN Act notice, resulting in employment loss. *Gen. Tel. Co. of Sw.*, 457 U.S. at 156.

### iv. Adequacy of Representation

Federal Rule of Civil Procedure 23(a)(4) requires a party to demonstrate that "the representative part[y] will fairly and adequately protect the interests of the class." The purpose of the adequacy of representation factor is to "uncover conflicts of interest between named parties and the class they seek to represent." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., and Prods. Liab. Litig.*, 895 F.3d 597, 607 (9th Cir. 2018) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Courts answer two questions when determining adequacy of representation: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Ellis*, 657 F.3d at 985 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). This factor is dependent on whether there is "antagonism" between the class representatives and the absent class members as well as a shared interest between class representatives and absent class members. *Id.*

**1. Adequacy of Representative Party**

Here, Plaintiff argues no conflict exists between the named Plaintiff and the proposed class because Plaintiff's claims and injury arise out of the same conduct and Plaintiff shares the same legal theory as the proposed class. Mot. at 8, ECF No. 30. Plaintiff asserts he has not sought additional or alternative relief that may create a conflict of interest nor does any class member have an interest that is distinctly separate or superior to anyone else in the proposed class. *Id. See* Walsh Decl. at ¶ 9, ECF No. 30-1. Plaintiff also argues he has pursued this action diligently, has worked with counsel to prosecute the action, and has, and will continue to, fairly and adequately represent the interests of the proposed class. *Id.* at 8-9. *See* Walsh Decl. at ¶ 8, ECF No. 30-1. Plaintiff argues that he has agreed to make decisions in the best interest of the proposed class and will continue to be actively involved in prosecuting the action on behalf of the proposed class. *Id.* at 9; *see* Walsh Decl. at ¶ 10, ECF No. 30-1.

Defendant, on the other hand, argues Plaintiff cannot adequately represent the class because the "intraclass conflict" in the analysis of adequate representation "dovetails" with the typicality requirement. Def.'s Opp'n Mot. at 15, ECF No. 35. Defendant alleges because the monetary relief would require individual inquiries to determine the amount of relief, the class would be "unmanageable" and would require multiple trials. *Id.*

Based on a review of the record, there is no conflict between the Plaintiff and the class Plaintiff seeks to represent in this action. Plaintiff provided a declaration by his counsel supporting his assertions that he has actively pursued the litigation on behalf of the proposed class from its conception and no class member has an interest that is distinctly separate or superior to any other class member. *See* Walsh Decl. at 2, ECF No. 30-1. The declaration also highlights Plaintiff's continued commitment to fairly and adequately represent the interests of the proposed class. *Id.* Additionally, Plaintiff has suffered the same injury as the proposed class

members. Thus, plaintiff is an adequate class representative.

## 2. Adequacy of Counsel

Plaintiff's attorneys, Razzano Walsh & Torres, P.C., are competent and qualified to represent the proposed class. The court analyzes four factors when determining whether counsel is adequate:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

FED. R. CIV P. 23(g)(1)(A)(i)-(iv).

Defendant argues Plaintiff's counsel makes self-serving and conclusory allegations along with Plaintiff's counsel's non-specific statements in the declaration. *See* Def.'s Opp'n Mot. at 16, ECF No. 35.

Here, Plaintiff's counsel filed the Class Action Complaint against Defendant, investigated facts pertinent to the WARN Act claim, and has experience in this court prosecuting a class action. *See Carlberg v. Guam Indust. Servs.*, No. CV 14-00002, 2017 WL 903457, at *7 (D. Guam Mar. 7, 2017). In addition, lead counsel Joseph C. Razzano has decades of experience as a civil litigator in this court. *See* Walsh Decl. at ¶ 15, ECF No. 30-1. Razzano was federally appointed to, and did, serve as the Trustee Ad Litem of the Northern Mariana Islands Retirement Fund in an active class action litigation. *See* Walsh Decl. at ¶ 16, ECF No. 30-1. Plaintiff's counsel, Razzano and Walsh, have also served as trial counsel in multiple class actions in the Federated States of Micronesia and covered various aspects of class action civil litigation, "from

client intake, through trial, and through the distribution of funds to the class." *See* Walsh Decl. at ¶ 17, ECF No. 30-1.

Based upon the representations made by Plaintiff's counsel, the court finds that they are qualified to represent the proposed class.

### c. Rule 23(b)(3)

Rule 23(b)(3) requires a court to determine that "[(i)] the questions of law or fact common to class members predominate over any questions affecting only individual members, and [(ii)] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### i. Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The predominance test requires a plaintiff to prove there are questions of law or fact common to the class members that can be adjudicated in one action "in order to prove that such common questions predominate over individualized ones[.]" *Olean*, 31 F.4th at 664 (citing *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453-54 (2016)). In proving predominance, a plaintiff must demonstrate that a common question relates to the central issue of the plaintiff's claim. *Id.* at 665.

In the instant case, common questions of fact predominate because the issues are identical to each employee that received the "separation notice" from Defendant on May 30, 2020. Compl. at 8, ECF No. 1. Furthermore, any justification offered by Defendant for failing to provide a 60-day notice applies to each proposed class member because each class member allegedly suffered the same employment loss from the same conduct. *Id.* Common questions of law also predominate. The first question is whether the WARN Act applies to the employment loss

experienced by Plaintiff and the proposed class. The second question is whether Defendant falls under an exception to the WARN Act which allowed Defendant not to provide the 60-day notice of the mass layoff.

### ii. Superiority

Rule 23(b)(3) requires courts to analyze the following factors to determine whether a class action is superior:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Courts are required to "focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001).

### 1. Rule 23(b)(3)(A)

The first factor, "individually controlling the prosecution or defense of separate actions[,]" supports class certification "where the damages suffered by each putative class are not large." *Id. See* FED. R. CIV P. 23(b)(3)(A). The court finds that this factor weighs in favor of certifying the class because under the WARN Act, each proposed class member is entitled to a maximum of 60-days of lost pay and benefits. 29 U.S.C. § 2104(a)(1). Each proposed class member was terminated on the same day and was impacted by the same 60-day wage loss. Mot. at 15, ECF No. 30. Each proposed class member will also be analyzed under the same statutorily defined compensation framework under the WARN Act. *Id.*

**2. Rule 23(b)(3)(B)**

The second factor, "the extent and nature of any litigation concerning the controversy already begun by or against class members," also weighs in favor of class certification. FED. R. CIV P. 23(b)(3)(B).

> This factor is intended to serve the purpose of assuring judicial economy and reducing the possibility of multiple lawsuits . . . . If the court finds that several other actions already are pending and that a clear threat of multiplicity and a risk of inconsistent adjudications actually exist, a class action may not be appropriate since, unless the other suits can be enjoined, . . . a Rule 23 proceeding only might create one more action . . . . Moreover, the existence of litigation indicates that some of the interested parties have decided that individual actions are an acceptable way to proceed, and even may consider them preferable to a class action. Rather than allowing the class action to go forward, the court may encourage the class members who have instituted the Rule 23(b)(3) action to intervene in the other proceedings.

*Zinser*, 253 F.3d at 1191 (quoting 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, Federal Practice and Procedure § 1780 at 568-70 (3d. ed. 2023)). The parties to this case have not offered evidence of any other litigation that has been initiated against Defendant with respect to the mass layoff that is at issue here. Therefore, the court finds judicial economy would be served by certifying the class.

**3. Rule 23(b)(3)(C)**

The third factor, "the desirability or undesirability of concentrating the litigation of the claims in the particular forum[,]" weighs in favor of certification. FED. R. CIV P. 23(b)(3)(C). Here, Plaintiff and the proposed class members were employed by Defendant, whose company was located in Tumon, Guam. Compl. at ¶ 16, ECF No. 1. Moreover, the WARN Act is a federal statute and, therefore, the District Court of Guam is an appropriate forum. *See* 29 U.S.C. §§ 2101-2109.

#### 4. Rule 23(b)(3)(D)

The fourth factor, "the likely difficulties in managing a class action," also weigh in favor of class certification. FED. R. CIV P. 23(b)(3)(D). The Ninth Circuit has stated that "[i]f each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not 'superior.'" *Zinser*, 253 F.3d at 1192 (citations omitted).

Here, Plaintiff alleges 108 class members were employees of Defendant, terminated by Defendant through the same "separation notice," and the "separation notice" was received by all on May 30, 2020 effective on May 31, 2020 without prior notice. Compl. at 8, ECF No. 1. Managing a class action of this alleged size would not be particularly difficult because the proposed class all had the same employer, were terminated at the same time, and in the same way. The court finds that class certification is superior to other methods available for adjudicating the proposed class's claims.

### IV. CONCLUSION

Based on the foregoing, the court **GRANTS** Plaintiff's motion for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) and appointment of class counsel.

The court makes clear that its ruling is solely based on the motion for class certification and not on the merits of the case.[6]

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Dec 27, 2023**

---

[6] Defendant argues that the elements of the WARN Act are not met and, therefore, the court should dismiss the case. *See* Def.'s Opp'n at 12, ECF No. 35. As discussed *supra*, it would be premature for the court to reach the question of whether the WARN Act applies because the court does not reach the merits of a class action complaint at the certification stage.